Cite as: 591 U. S. ____ (2020)    1

Statement of SOTOMAYOR, J.

# SUPREME COURT OF THE UNITED STATES

————

No. 20A32

————

## LEZMOND C. MITCHELL *v.* UNITED STATES

### ON APPLICATION FOR STAY

[August 25, 2020]

The application for stay of execution of sentence of death presented to JUSTICE KAGAN and by her referred to the Court is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of the application for stay.

The Federal Death Penalty Act of 1994 (FDPA) requires that the Federal Government implement death sentences "in the manner prescribed by the law of the State in which the sentence is imposed." 18 U. S. C. §3596(a). Considerable uncertainty exists about the scope of this provision. In the most detailed analysis provided by a lower court to date, three judges offered three different views on how to define the "manner" of implementing a death sentence and where to locate the relevant "law of the State." See *In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F. 3d 106, 108 (CADC 2020) (*per curiam*) ("Each member of the panel takes a different view of what the FDPA requires"). Thus far, this Court has declined to provide definitive guidance on these important questions. See *Barr* v. *Roane*, 589 U. S. ___ (2019) (application for stay or vacatur denied); *Bourgeois* v. *Barr*, *ante*, p. ___ (cert. denied).

Because these questions are not adequately presented for our review in the pending case, I agree with this Court's decision to deny a stay. Here, the Ninth Circuit did not need to resolve the key issue on which the D. C. Circuit panel split because it assumed an answer favorable to

2            MITCHELL *v.* UNITED STATES

Statement of SOTOMAYOR, J.

Mitchell and still denied relief.  See *United States* v. *Mitchell*, ___ F. 3d ___, ___–___ (CA9 2020) (*per curiam*).  This case, therefore, does not turn on the question most in need of this Court's guidance: whether the "manner prescribed by the law of the State" includes procedures set forth in a state agency's execution protocol.  But with additional federal executions scheduled in the coming months, the importance of clarifying the FDPA's meaning remains.  I believe that this Court should address this issue in an appropriate case.