# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50837

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2020

Lyle W. Cayce
Clerk

In re:  BRANDON BERNARD,

      Movant

Motion for an Order Authorizing
the United States District Court for the
Western District of Texas to Consider
a Successive 28 U.S.C. § 2255 Petition

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Federal prisoner Brandon Bernard moves for authorization to file a successive 28 U.S.C. § 2255 petition, or alternatively, to recall the mandate in a previous decision.  We deny the motion.

The underlying facts have been spelled out in several prior opinions and do not bear repeating in full.  Suffice it to say that twenty years ago, Bernard was convicted of capital murder and sentenced to death under federal law after a woman died on Army property when Bernard set fire to a car while she was locked in its trunk.  *See United States v. Bernard*, 299 F.3d 467, 471–73 (5th Cir. 2002).  After his conviction and sentence were affirmed on direct appeal, Bernard filed his first Section 2255 habeas petition.  The district court denied

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50837

the petition and we denied a certificate of appealability. *See United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014). Bernard then moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court construed the motion as an unauthorized successive habeas petition and dismissed it. We again denied a COA. *See United States v. Vialva*, 904 F.3d 356 (5th Cir. 2018).

Bernard has filed another motion for relief from judgment pursuant to Section 2255, and alternatively, Rule 60(b), asserting for the first time claims that the government (1) failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); and (2) presented false testimony at trial in violation of *Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173 (1959). The district court again construed the motion as a successive petition but transferred it to this court pursuant to 28 U.S.C. § 1631.[1]

In a separate motion, Bernard moves for authorization to file a successive Section 2255 petition, or alternatively, to recall the mandate in our previous decision denying Bernard a COA on his initial 2255 petition. We address each request in turn.

To file a successive habeas petition pursuant to Section 2255(h)(1), Bernard must show that his petition relies on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Bernard, however, contends only that the newly discovered evidence would "raise[] grave doubt about his death sentence"; he does not challenge the evidence of his guilt. As he concedes, this court has held that Section 2255(h)(1) does not permit such petitions. *See In*

---

[1] The court originally dismissed that motion for lack of jurisdiction but later amended its order and transferred the motion to this court. The appeal of the transfer order is not considered here.

2

No. 19-50837

*re Webster*, 605 F.3d 256, 257 (5th Cir. 2010) (holding that Section 2255(h)(1) disallows successive petitions that do "not assert that newly discovered evidence would negate [the movant's] guilt of the offense of which he was convicted . . . ."); *see also Thompson v. Davis*, 916 F.3d 444, 458, n.65 (5th Cir. 2019). Bernard therefore fails to satisfy the criteria set forth in Section 2255(h)(1).[2]

Bernard alternatively requests that this court recall the mandate in its previous decision and "remand to the district court with instructions to treat the instant *Brady* allegations as a supplement to his prior prosecutorial misconduct claim." Although Bernard frames his *Brady* and *Napue* claims as an extension of his prior prosecutorial misconduct claim, the claims were not raised previously, and "this court may not recall its mandate to consider a claim that was not before it" during the original proceedings. *In re Kunkle*, 398 F.3d 683, 685 n.2 (5th Cir. 2005). Moreover, even if Bernard raised his *Brady* and *Napue* claims in his prior petition, he must still meet the requirements for filing a successive petition, which, as we have explained, he cannot do. *See id.*; *see also Calderon v. Thompson*, 523 U.S. 538, 553, 118 S. Ct. 1489, 1500 (1998) ("[A] prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a successive petition."). There is no basis to recall the mandate.

---

[2] Even if Section 2255(h)(1) allowed Bernard to challenge his sentence, Bernard cannot establish that this evidence is "newly discovered." The factual predicate for Bernard's claims is that the government withheld information describing his role in the gang of which he was a member and presented false testimony as to that information. Bernard offers no explanation why he would not have known what his role in his own gang was. *See In re Davila*, 888 F.3d 179, 185 (5th Cir. 2018) (denying motion to file successive petition when the applicant "fail[ed] to provide any explanation as to why [the court] should not arrive at the most obvious conclusion: that he has always been on notice about the underlying factual predicate for his new claim because he himself would know whether he had taken drugs on the day of the murders . . . ."). Indeed, Bernard all but admits he had such knowledge.

No. 19-50837

For the foregoing reasons, Bernard's motion for authorization to file a successive habeas petition, or alternatively, to recall the mandate is **DENIED**.

Certified as a true copy and issued
as the mandate on **Sep 09, 2020**

**Attest:**

Clerk, U.S. Court of Appeals, Fifth Circuit

4

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 09, 2020

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 19-50837   In re: Brandon Bernard
                  USDC No. 6:04-CV-164
                  USDC No. 6:99-CR-70-2

Dear Ms. Clack,

Enclosed is a certified copy of the opinion issued as the mandate.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Monica R. Washington, Deputy Clerk
504-310-7705

Enclosure(s)

cc:  Ms. Elizabeth Berenguer
     Mr. John Robert Carpenter
     Mr. Joseph H. Gay Jr.
     Mr. Michael Robert Hardy
     Mr. Robert Charles Owen